| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAPORTE SUPERIOR COURT |
| | )SS. | |
| COUNTY OF LAPORTE | ) | CAUSE NO.: 46D02-1912-CT-002855 |

J & B WEST ENTERPRISES, LLC )
)
     Plaintiff, )
)
v. )
)
AMERICAN INTERSTATE INSURANCE CO. )
)
     Defendant. )

**PLAINTIFF, J & B WEST ENTERPRISES, LLC'S**
**COMPLAINT FOR DECLARATORY JUDGEMENT**

Comes now Plaintiff, J & B West Enterprises, LLC, (hereinafter referred to as "J & B West") by counsel, Jerry E. Huelat and Robert J. Penney, Huelat & Mack P.C., and for its Complaint for Declaratory Judgment against American Interstate Insurance Company (hereinafter referred to as "American Interstate"), states as follows.

**THE PARTIES**

1. That J & B West is a construction company with its principal office located in LaPorte, Indiana.

2. That American Interstate is an insurance company with its principal office located in Louisiana, and is an insurer of J & B West.

**COUNT I: REVOCATION OF ATTEMPT TO RECOVER PREMIUM**

1. That on September 17, 2019 Defendant, American Interstate sent a letter to Plaintiff, J & B West, demanding payment of an additional amount of $47,163.00 for workers compensation premiums for employees of J & B West's subcontractors. A copy of that letter is attached hereto as

Exhibit A.

2. That J & B West's insurance policy, attached hereto as Exhibit B, provides as follows:

**I.   The Insurance Policy at Issue**

PART FIVE

Premium

A.   Our Manuals

All premiums for this policy will be determined by our manuals of rules, rates, rating plans and classifications.  We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

B.   Classifications

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications.  These classifications were assigned based on an estimate of the exposures you would have during the policy period.  If your actual exposures are not properly described by these classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

C.   Remuneration

Premium for each work classification is determined by multiplying a rate times a premium basis.  Remuneration is the most common premium basis.  This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. All your officers and employees engaged in work covered by this policy, and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy.  If you do not have payroll records for these persons, the contract price for their services and materials may be used as a premium basis.  This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

        Insurance Policy, Exhibit B.

3. That the Indiana Workers Compensation Act, IC 22-3-2-14 provides as follows:

(b) The state, any political subdivision thereof, any municipal corporation, any corporation, limited liability company, partnership or person, contracting for the performance of any work exceeding one thousand dollars ($1,0000) in value by a contractor subject to the compensation provisions of IC 22-3-2 through IC 22-3-6, without exacting from such contractor a certificate from the worker's compensation board showing that such contractor has complied with section 5 of this chapter, IC 22-3-5-1 and IC 22-3-5-2, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.

(c) Any contractor who shall sublet any contract for the performance of any work, to a subcontractor subject to the compensation provisions of IC 22-3-2 through IC 22-3-6, without obtaining a certificate from the worker's compensation board showing that such contractor has complied with section 5 of this chapter, IC 22-3-5-1, and IC 22-3-5-2, shall be liable to the same extent as such subcontractor for the payment of compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

        IC 22-3-2-14

4. That in essence, the Act imposes on the worker's immediate employer the onus of securing worker's compensation insurance, and imposes on the general contractor the duty of ensuring that the subcontractor has complied with the law. *Wolf v. Kajima Intern. Inc.*, 621 N.E.2d, 1128, 1132 (Ind. Ct. App. 1993). Under the statute, "**the only effect of a failure of a person contracting for the performance of any work, to exact the certificate is to create a secondary liability for compensation on the part of the person so failing**. **This section does not change or affect the liability of the immediate employer and his insurance carrier**." *Artificial Ice & Cold Storage Co. v. Waltz*, 146 N.E. 826 (Ind. Ct. App. 1925), emphasis supplied. **The statute does not**

**make an employee of a subcontractor an employee of any other person**. *Lewis v. Lockhard*, 498 N.E.2d 1024, 1026 (Ind. Ct. App. 1986) discussing *Waltz*, emphasis supplied.

5. That on November 11, 2019, counsel for J & B West, Jerry E. Huelat, sent a letter to American Interstate's representative notifying American Interstate that it was not entitled, under Indiana law, to recover additional premiums for the employees of J & B West's Subcontractors. A copy of that correspondence is attached hereto as Exhibit C.

6. That on November 18, 2019, American Interstate's representative, Beverly Gott, responded by email, and objected on the grounds that certain of J & B West's subcontractors "did not have certificates of exclusions as mentioned in IC 22-3-2-14.5; IC 22-3-6-1(b)(4), (5)." A copy of that email is attached hereto as Exhibit D.

7. That on November 19, 2019, counsel for J & B West, Jerry E. Huelat, spoke to American Interstate's representative, Beverly Gott, by telephone, but Ms. Gott continued to maintain that American Interstate was entitled to recover the alleged amount due.

8. That on November 20, 2019, counsel for J & B West, Jerry E. Huelat sent a follow up letter to American Interstate's representative, Beverly Gott informing her that American Interstate's position was unsupported by legal authority, and that under Indiana law, American Interstate was not entitled to any premium for work performed by independent contractors. A copy of that correspondence is attached hereto as Exhibit E.

9. That on November 22, 2019, American Interstate's representative, Beverly Gott sent a second email to counsel for J & B West, Jerry E. Huelat, wherein she again maintained that J & B West was required to provide "certificates of exemption" for the subcontractor's workers. A copy of that email is attached hereto as Exhibit F.

10. That J & B West did not exert any control over the means, method or type of work performed by its subcontractors, or provide them with equipment or materials.

11. That American Interstate is therefore not entitled to recover additional premiums from J & B West for its subcontractors' employees. Further, American Interstate has no legal basis for demanding such payments from J & B West.

## COUNT II, BAD FAITH

1. Plaintiff incorporates the previous allegations in paragraphs one (1) through ten (10) above, and further states as follows.

2. That American Interstate is aware that it is not legally entitled to receive additional workers compensation premiums from its insured, J & B West, for its subcontractors' employees, who are not employees of J & B West.

3. That American Interstate's bad faith attempts to recover premiums to which it is not entitled will impair J & B West's ability to obtain insurance in the future.

4. That American Interstate's bad faith attempts to recover premiums to which it is not entitled will adversely affect the future profitability and business reputation of J & B West.

5. That despite repeated notifications from J & B West's counsel, American Interstate continues, in bad faith, to demand payment of these premiums, to which it is not legally entitled.

6. That J & B West is therefore entitled to recover all of its damages related to its insurer, American Interstate's bad faith, together with reasonable attorney fees incurred in pursuing this declaratory action.

WHEREFORE, J & B West respectfully requests that the Court enter a Declaratory Judgment in its favor as to Counts I and II which provides the following:

1. That American Interstate Insurance Company is not legally entitled to recover additional workers compensation premiums for the employees of J & B West Enterprises, LLC's subcontractors.

2. That American Interstate Insurance Company acted in bad faith by improperly continuing to seek payment of additional workers compensation premiums to which it is not legally entitled.

3. For all other just and proper relief as may be disclosed by discovery.

4. For costs of this action and all other just and proper relief.

Respectfully submitted,

/s/ Robert J. Penney
Jerry E. Huelat, #8174-46
Robert J. Penney, #23236-79
Huelat & Mack P.C.
Legacy Hills Business Park
286 W. Johnson Road, Suite G
LaPorte, Indiana 46350
Telephone: (219) 879-3253
jhuelat@huelatandmack.com
rpenney@huelatandmack.com

## JURY DEMAND

Plaintiff, by and through its counsel, requests trial by jury.

Respectfully submitted,

/s/ Robert J. Penney
Jerry E. Huelat, #8174-46
Robert J. Penney, #23236-79
Huelat & Mack P.C.
Legacy Hills Business Park
286 W. Johnson Road, Suite G
LaPorte, Indiana 46350
Telephone: (219) 879-3253
jhuelat@huelatandmack.com
rpenney@huelatandmack.com